MARIA CATHCART AND FRANK WETHERELL v. THE EQUITABLE MUTUAL LIFE ASSOCIATION OF WATERLOO, IOWA, Appellant.

**Mutual Insurance Associations:** CONSOLIDATION AGREEMENT: *Not an insurance contract.* Where a mutual insurance association transferred its membership to another association under an agreement that the latter should carry out the insurance contracts of the former, such arrangement was not an agreement to insure, within Code, section 1767, prohibiting such an association from insuring a person over sixty-five years of age, and hence the fact that a member of the association whose membership was so transferred was over sixty-five years of age at the date of the agreement did not release the latter association from liability on his certificate.

REINSURANCE CONTRACT: *Construction.* Where a mutual insurance association received the membership of another association under an agreement that the mortuary fund contributed by the members who should *thereafter* join the consolidated association should inure to the benefit of members of both associations, the beneficiaries of a member of the transferred association were not entitled to compel an assessment on *all* the members of the consolidated association to pay the death benefit of their insured, since such agreement, inferentially, excluded those who became members of the reinsuring association before the consolidation.

DUTY TO ASSESS: *Estoppel to deny.* Where a mutual insurance association received a transfer of all of the members and property of another association, and collected assessments from them as its members, under a contract to perform the former

association's obligations and that the mortuary fund contributed by the members who should thereafter join the consolidated association should inure to all the members, it was estopped to refuse to levy an assessment on its members joining after the consolidation, to pay beneficiaries of a member of the former association, on the ground that the contract was *ultra vires.*

ADVANCES BY REINSURER: *Reimbursement.* Where a consolidated mutual insurance association drew from its mortuary fund, acquired before the consolidation, to pay death benefits of members of the former association, it was entitled to apply assessments levied on the former association's members to reimburse the fund, as against the beneficiaries of former association members.

PAYMENT OF DEATH LOSSES: *When application of trust property not required.* Where a mutual insurance association, which had issued certificates to its members requiring it to levy a per capita assessment at a member's death, and apply the proceeds, not exceeding two thousand dollars, to its beneficiaries, transferred its membership to defendant association under an agreement that its members should be entitled to full rights as members therein, the beneficiaries of a transferred member were not entitled to compel defendant to apply property transferred to it in trust to carry out the terms of the agreement, in the absence of proof that such application was necessary to pay the beneficiaries' claim.

*Appeal from Marion District Court.*—HON. J. H. APPLE-GATE, Judge.

FRIDAY, MAY 18, 1900.

PLAINTIFFS, the beneficiaries in a certificate of life insurance issued by the Iowa Masons' Benevolent Society to Aaron D. Wetherell, now deceased, bring this action thereon and upon a contract between said society and the defendant whereby certain property and the membership of the society were transferred to the defendant. The plaintiffs ask that defendant account for assessments made and collected and for the property.; also that defendant be required to make an assessment on all its members for the payment of plaintiff's claim, and that they have judgment against the defendant for the full amount thereof, with interest. The issues

and decree will appear in the opinion.  Both parties appeal. The defendant, having first appealed, is designated as appellant.—*Affirmed.*

*Boies & Boies* for appellant.

*Ayres, Woodin & Ayres* for appellees.

Given, J.—I.  There is no dispute as to the facts, and we will avail ourselves of the following concise statement thereof made by the defendant's counsel: "On the 8th day of October, 1887, the Iowa Masons' Benevolent Society, a mutual benefit association, incorporated under the laws of Iowa, issued to Aaron D. Wetherell a certificate of membership in which plaintiffs in this action were named as beneficiaries.  On the 24th day of June, 1896, the officers of said Iowa Masons' Benevolent Society and the officers of this defendant, Equitable Mutual Life Association, executed a certain instrument purporting to be a contract of consolidation between said Iowa Masons' Benevolent Society and this defendant, which is set out as Exhibit 2 of appellant's abstract (page 47 *et seq.*).  It will be necessary hereafter to notice in detail certain of the provisions of this contract.  The present action is brought upon the certificate of membership issued by the said Iowa Masons' Benevolent Society and the alleged agreement of this defendant, contained in such contract of consolidation, and plaintiffs ask judgment for two thousand dollars and interest, and that defendant be compelled to levy an assessment upon all its members, and to account for alleged trust funds in the hands of defendant, and for other relief.  It is an undisputed fact that Aaron D. Wetherell, the person on whose life the certificate of the Iowa Masons' Benevolent Society was issued, was over seventy-seven years of age at the date of the execution and delivery of the alleged contract of consolidation, and that said Wetherell had not, prior to that date, been a member of this defendant.  It is further undisputed that subsequently to

the making of such alleged contract of consolidation the defendant assessed the members of the Iowa Masons' Benevolent Society on certain claims for death losses in such society, and many of the members of the Iowa Masons' Benevolent Society, including the said A. D. Wetherell, paid such assessments. The defendant disbursed the mortuary part of the funds so derived from the membership of the Iowa Masons' Benevolent Society among the beneficiaries named in certificates of membership issued by that society upon which claims had accrued, and also advanced from its own mortuary funds, in order to pay the limit of liability on such certificates of membership, sums in the aggregate exceeding two thousand eight hundred dollars. Afterwards A. D. Wetherell died, and proofs of his death were furnished to defendant at about the same time proofs of death of three other members of the Iowa Masons' Benevolent Society were furnished. The defendant thereupon levied its assessment No. 4 upon the members of the Iowa Masons' Benevolent Society for the deaths of such four members of that society; and, for the purpose of reimbursing its own mortuary fund for the money theretofore advanced, also included in the same assessment the names of three of its own members upon whose certificates of membership in this defendant claims had accrued, thereby assessing the members of the Iowa Masons' Benevolent Society by its assessment No. 4 for four deaths in said Iowa Masons' Benevolent Society and three deaths in the defendant association. The defendant realized on this assessment for seven deaths from the members of the Iowa Masons' Benevolent Society about six thousand dollars, a certain per cent. of which, however, was expense fund under the by-laws of such society. The certificate of membership of the Iowa Masons' Benevolent Society upon which the action is brought did not provide for the payment to the beneficiaries of the proceeds of an assessment, but did require such society, in case of a claim accruing on the certificate, to pay to the beneficiaries named therein certain

amounts for each member of such society in good standing at the date of such death, the provision of the contract in this respect being as follows (plaintiffs' Exhibit 1, abstract 40):  'That the Iowa Masons' Benevolent Society * * * does promise and agree to and with the said Aaron D. Wetherell, to pay or cause to be paid to his children, Maria Cathcart and Frank D. Wetherell, equally * * * after due notice and satisfactory evidence of the death of the said Aaron D. Wetherell shall have been received at the office of this society, for every member, of the first division of this society at such death as follows:  For every member of the first class, seventy cents; of the second class, eighty cents; of the third class, one dollar and five cents; of the fourth class, one dollar and sixty cents; provided, however, that the aggregate sum so to be paid by this society shall in no case exceed the sum of two thousand dollars.'  The membership of the Iowa Masons' Benevolent Society, at the date of the death of A. D. Wetherell, was such, as shown by the undisputed evidence, that there was due from such society, under the provisions of the certificate hereinbefore quoted, the sum of one thousand seventy-five dollars and forty-one cents; that is, there were in the first division of said society at the date of the death of said Wetherell sixty-one members in the first class, two hundred and ninety-seven members in the second class, four hundred and eighty-six members in the third class, and one hundred and seventy-eight members in the fourth class.  The defendant, prior to the commencement of this action, and after the execution of the alleged contract of consolidation, received from the Iowa Masons' Benevolent Society, under the provisions of such contract, a conveyance of certain real estate in the city of Oskaloosa, subject to mortgages thereon.  The defendant tendered to plaintiffs the amount of money due to them under the contract of the Iowa Masons' Benevolent Society as above computed, and denied liability for any further amount.  The court below entered a judgment against

the defendant for this sum, with interest, amounting in the aggregate to one thousand one hundred and thirty-six dollars and thirty cents, and ordered the defendant to make an assessment upon all its members who became such after the execution of the alleged contract of consolidation, and pay the proceeds derived therefrom to the plaintiffs. The defendant complied with the judgment of the court to the extent of paying to the plaintiffs the said sum of one thousand one hundred and thirty-six dollars and thirty cents and the costs of the action, and appeals from the order of the court requiring it to assess its members who became such after the date of the alleged contract of consolidation, and from all other portions of the decree. The plaintiffs appealed from the judgment and decree in so far as it was adverse to them." The contract of consolidation is important as showing the relations and rights of the parties, but it need not be set out at length, but simply such parts as are hereafter noticed.

II. The defendant's first contention may be summed up as follows: That Aaron D. Wethrell, deceased, being over sixty-five years of age at the time said contract of consolidation was entered into, could not, under the law, become a member of the defendant association, and therefore neither the defendant nor its members are liable to the plaintiffs. It is not questioned but that, by the terms of the contract, the membership of the Masons' Society was transferred to and received by the defendant association as members thereof, and that defendant agreed to carry out the contracts between said members and the Masons' Society. The contract of consolidation contains the following: "And the members of the Iowa Masons' Benevolent Society by virtue of this contract become and are members of the Equitable Mutual Life Association, with all of their rights under their certificates of membership fully preserved to them, and subject to all the duties and liabilities provided for in their respective certificates of membership, and the subsequent by-laws and rules made by said Equitable Mutual

Life Association to govern and control the duties and liabilities of its members, except as hereinafter provided." It is further provided that said transferred members shall have the same rights and privileges in the election of directors of the defendant association as though they had been members thereof from the time they became members of the Masons Society. The contention is based upon the provision in section 1767, McClain's Code, as follows: "No corporation or association organized and operating under this act shall issue any certificate of membership or policy to any person under the age of fifteen years, nor over the age of sixty-five years * * * and any certificate issued or assignment made in violation of this section shall be void." It is insisted that the transaction was, in effect, the same as if the defendant had, at the time of the consolidation, issued its certificate to Aaron D. Wetherell; but not so. The defendant never issued nor agreed to issue a certificate to Mr. Wetherell. It did not contract to insure him, but agreed to carry out an existing lawful contract of insurance. We do not think that the contract as to Mr. Wetherell was in violation of said section 1767.

III. Defendant insists that for other reasons the contract is *ultra vires,* and therefore void. Counsel, affirming their confidence in the claim already considered, pass this subject with a few citations to the effect that, in the absence of legislative authority, contracts of consolidation have usually been held *ultra vires* and void. Let this be conceded, and also that there is no statute in this state authorizing such a consolidation, still we must look to the contract, and what has been done under it, to see whether the defendant is in position to assert such a plea. It is a contract whereby the defendant, a life insurance association, agreed, for a full and valuable consideration received, to perform the obligations of the insurer under its contract with Mr. Wetherell. It accepted the contract, received Mr. Wetherell into its membership in pursuance of it, made and

collected assessments against him as such member, and on
notice of his death made and collected assessments from its
members on account thereof. The defendant has taken to
itself all the benefits of the contract of consolidation and the
contract with Mr. Wetherell, and has thus far stood upon and
performed said contracts except as to these beneficiaries in
the particular in controversy. The law of estoppel seldom
finds more frequent or fitting application than in cases like
this. In 27 Am. & Eng. Enc. Law, 359, it is said: "And
now the defense of *ultra vires* is very generally regarded by
the courts as an ungracious and odious one, and it is very
well settled that neither party to the contract can avail him-
self of such a defense when the contract has been fully per-
formed by the other party, and he has received the full
benefit of the performance and of the contract." At pages
363 and 364 it is further said: "Furthermore, the only
justification for the plea of *ultra vires* by an individual sued
upon a contract by a corporation is that the obligation is not
mutual, as the other party—the corporation—would not be
bound by it. But, when the contract has been fully per-
formed by the corporation, the mutuality of the obligation
becomes an immaterial question, for the reason that the other
party can have no occasion to seek its enforcement. Accord-
ing to the weight of authority, a corporation may not avail
itself of the defense of *ultra vires* when the contract has been
in good faith fully performed by the other party, and it has
had the full benefit of the performance and the contract;
and, conversely, if the other party has had the benefit of a
contract fully performed by the corporation, he will not be
heard to object that the contract and performance were not
within the legitimate powers of the corporation." This
statement of the law is fully supported by the cases cited.
The language of this court in *Matt v. Society,* 70 Iowa, at
page 461, is peculiarly applicable. It is said: "We can
hardly think that the defendant desires to insist upon its
position. If it is true, as claimed, that the certificates which

it has issued, and which the holders have in good faith relied upon as a provision for their family in case of death, have no validity, and if the defendant has, since this defense has been set up, proceeded to make and collect assessments, thus falsely pretending to the certificate holders that the certificates are valid, while claiming in the courts of the state that they are not, proceedings in *quo warranto* should be instituted against the defendant at once. These certificates are not to be treated as valid for the purpose of collecting assessments and invalid for the purpose of escaping liability; and we are not prepared to say that grave consequences should not follow the act of all persons who have participated in the commission of the great wrong." So far as the Masons' Benevolent Society, the assured, and these beneficiaries are concerned, the contract of consolidation and the contract of insurance of Mr. Wetherell have been fully executed, and under the well-recognized rules of law in such cases the defendant should be held to perform its part. If the act required was wrong in itself, public policy might forbid its performance; but it is not wrong, but an act demanded by the plain rules of justice and equity. Counsel for defendant, assuming that the contracts are void, discuss other questions, which, in view of our conclusion that the contracts are valid, need not be considered. The court below required the defendant to assess its members who became such after the consolidation, and it is from this the defendant appeals, grounding its appeal upon the claim that the contracts were void. The contract of consolidation provides: "But the mortality fund contributed by members who shall hereafter join said consolidated association shall inure to the benefit of all the members of the said parties hereto without discrimination." We have seen that the contracts are not void because of the age of Mr. Wetherell; therefore, if void for other reasons, they are void as to all the transferred members from whom the defendant has been regularly collecting assessments. If the defendant may repudiate its

contracts as to Wetherell, it may as to any of these. Surely, no court will sanction such injustice. Our conclusion is that upon defendant's appeal the decree should be affirmed.

IV. The plaintiffs on their appeal contend that the defendant had no right to reimburse itself for the two thousand eight hundred dollars advanced out of its mortuary fund to pay losses to beneficiaries in the Masons' Society out of assessments collected from that society, and that the same should be applied to pay the plaintiffs and the other losses for which they were assessed. The defendant took this two thousand eight hundred dollars from its mortuary fund, acquired before the consolidation, to complete payments of benefits under the Masons' Society certificates. It borrowed from that fund, and had a right to pay it as it did. It was not a diversion of the fund, and the plaintiffs were not prejudiced by what was done.

V. Plaintiffs' next claim is that they are entitled to have an assessment levied upon all the members of the defendant association who were members at the time of the death of Mr. Wetherell. A lengthy clause in the contract in respect of the mortuary fund concludes as follows: "But the mortality fund contributed by members who shall hereafter join said consolidated association shall inure to the benefit of all the members of the said parties hereto without discrimination." This inferentially excludes those who became members of the defendant before the consolidation, and such is the conclusion warranted by other parts of the contract.

VI. The contract of consolidation provides as follows: "It is further agreed that the assets now held and owned by each of the said parties hereto respectively, except office fixtures, furniture, supplies, and printed matter, shall remain the property of the membership of the said party now owning the same, and shall be used for the benefit of such membership as provided in their contracts of insurance and by-laws of each respective association; that is, the mem-

bership at the time of this consolidation. The real estate of the Iowa Masons' Benevolent Society shall be legally transferred to the Equitable Mutual Life Association, Waterloo, Iowa, to be held in trust with full power and authority to sell and convey the same, and from the proceeds pay or cause to be paid claim or claims for which said property is placed in trust to secure; and any surplus or excess of the proceeds of sale shall be used for the purposes of said Equitable Mutual Life Association." The certificate under which plaintiffs claim is not a promise to pay a fixed sum, but a certain sum for each member of the classes named, not exceeding two thousand dollars. It does not appear that there is any necessity for resorting to the trust property to insure the plaintiffs all they are entitled to under the certificate. They have been adjudged and paid one thousand one hundred and thirty-six dollars realized from the assessment on the members of the Masons' Society, and are, as we hold, entitled to the proceeds of an assessment on those who became members of the defendant society since the consolidation. For aught that appears, this will give to plaintiffs all they are entitled to. Our conclusion is that the decree is correct, and it is affirmed on both appeals.—AFFIRMED.